IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:17-cv-02952-RM

WILLIAM LEE EDWARDS,

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

___

# ORDER
___

This matter is before the Court on Plaintiff's request for judicial review pursuant to 42 U.S.C. § 405(g) of Defendant's denial of his application for disability insurance benefits. (ECF No. 1.) The parties have fully briefed the matter. For the reasons set forth below, the Court affirms the Commissioner's decision.

## I.    BACKGROUND

Plaintiff filed his application in April 2016, alleging disability beginning on November 14, 2015. In June 2017, after a hearing at which Plaintiff testified and was represented by counsel, an administrative law judge ("ALJ") denied his claim.

The ALJ applied the five-step process for evaluating disability claims. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, the ALJ determined Plaintiff had the following severe impairments: fibromyalgia, post-traumatic stress

disorder, vertiginous syndrome, osteoarthritis, and irritable bowel syndrome. At step three, the ALJ determined Plaintiff's physical and mental impairments, considered independently and in combination, did not meet or equal the severity of a listed impairment.

Before reaching step four, the ALJ determined Plaintiff had the residual functional capacity ("RFC") to perform light work, subject to limitations. The applicable regulation provides the following definition:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have ability to do substantially all of these activities.

20 C.F.R. §§ 404.1567(b). The ALJ further limited Plaintiff's RFC as follows:

> [Plaintiff] can lift/carry 10 pounds frequently and 20 pounds occasionally in an 8 hour day, sit for 6 hours with usual breaks, and stand/walk for 6 hours per day. [Plaintiff] can occasionally climb, stoop, kneel, crouch, and crawl. [Plaintiff] can frequently handle and finger bilaterally. [Plaintiff] can have only occasional interaction with coworkers, supervisors, and the general public. [Plaintiff] is limited to understanding, remembering, and carrying out only simple instructions. [Plaintiff] is limited to making simple work related decisions. [Plaintiff] cannot deal with more than routine changes in work settings.

(ECF No. 9-2 at 25, ¶ 5.)

At step four, the ALJ determined Plaintiff was unable to perform his past relevant work as a journeyman electrician. But at step five, the ALJ determined that given Plaintiff's RFC, age, education, and work experience, he could do other jobs existing in significant numbers in the national economy, including small product assembler, electronics worker, and machine operator.

The Appeals Council denied review, making the ALJ's decision final. *See* 20 C.F.R. § 404.981. Plaintiff argues the ALJ erred by (1) giving great weight to some, but not all, of a

medical opinion by an examining physician, Dr. Ronald Jendry, (2) failing to adequately explain his RFC, specifically the basis for the ALJ's determination that he was able to handle and finger frequently, and (3) failing to give sufficient weight to two opinions from treating sources, Dr. Seth Gursky and Mr. Shawn Griffin.

## II. LEGAL STANDARD

The Court reviews the ALJ's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Wall*, 561 F.3d at 1052 (quotation omitted). To determine whether the substantiality test has been met, the Court meticulously examines the record as a whole, including anything that may undercut or detract from the ALJ's findings, but the Court does not reweigh the evidence or retry the case. *Id.* "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotation omitted).

## III. DISCUSSION

### A. Assessment of Dr. Jendry's Opinion

Plaintiff argues the ALJ erred by rejecting some of the limitations assessed by Dr. Jendry. Although the ALJ gave great weight to Dr. Jendry's assessment of Plaintiff's ability to lift and carry, the ALJ rejected some of Dr. Jendry's other limitations. The Court is not persuaded that the ALJ reversibly erred.

3

The limitations the ALJ included in Plaintiff's RFC were not as restrictive as those assessed by Dr. Jendry. Dr. Jendry opined that Plaintiff could both stand and walk for less than a third of an eight-hour workday. (ECF No. 9-9 at 73.) But the ALJ found Plaintiff had the RFC to stand or walk for six hours during an eight-hour workday. Dr. Jendry also opined that Plaintiff could *rarely* bend, stoop, squat, crouch, or crawl, yet the ALJ determined Plaintiff could *occasionally* perform a similar list of actions. In addition, Dr. Jendry recommended that Plaintiff avoid ladders, stairs, unprotected heights, driving, and operating heavy machinery, but these limitations were not included in Plaintiff's RFC.[1]

An opinion from an examining source may be discounted when the ALJ gives legitimate reasons for doing so. *See* 20 C.F.R. § 404.1527. Here, the ALJ provided several bases for his determinations. The ALJ gave great weight to a report by two state agency doctors because it was largely consistent with other evidence in the record. Their report concluded that Plaintiff could stand or walk for six hours in an eight-hour workday (with normal breaks) and occasionally climb ramps or stairs, stoop, kneel, crouch, and crawl. The ALJ also considered Plaintiff's activities of daily living, which included working on his camper and a greenhouse, remodeling two bathrooms, fishing, and doing yoga. Thus, substantial evidence in the record supports the ALJ's decision to discount some of the limitations assessed by Dr. Jendry, and the Court will not reweigh the evidence, *see Wall*, 561 F.3d 1052.

With respect to the absence of any limitation regarding ladders, stairs, unprotected heights, driving, and operating heavy machinery, the vocational expert testified that even if these

---

[1] Plaintiff's RFC also included limitations Dr. Jendry did not assess. For example, the RFC included a six-hour limitation on sitting, even though Dr. Jendry found no limitations on Plaintiff's ability to sit. It also included limitations on interacting with others, even though Dr. Jendry assessed no limitations on Plaintiff's ability to communicate. (*See* ECF No. 9-9 at 73.)

4

limitations were included in Plaintiff's RFC, that would not affect his ability to work as an electronics worker and would only preclude ten percent of small product assembler jobs. Thus, Plaintiff has not shown that this evidence was significantly probative. *See Hendron v. Colvin*, 767 F.3d 951, 955 (10th Cir. 2014) (rejecting claimant's assertion of error where she failed to explain how evidence undercut ALJ's conclusion she could do sedentary work); *see also Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1163 (10th Cir. 2012) (applying harmless-error analysis when no reasonable administrative factfinder could have resolved matter another way).

For these reasons, the Court concludes the ALJ did not reversibly err in assessing Dr. Jendry's opinion.

**B.     Explanation of RFC**

Plaintiff next argues the ALJ did not adequately explain the basis on which he determined Plaintiff's RFC. Specifically, Plaintiff argues the ALJ did not adequately explain how he determined Plaintiff was capable of handling and fingering frequently. The Court disagrees.

Dr. Jendry opined that Plaintiff could "occasionally" handle and finger (ECF No. 9-9 at 73), while the report by the state agency doctors concluded that his ability to handle and finger was "limited" (ECF No. 9-3 at 16). Dr. Alicia Blando, one of the state agency doctors, clarified that although there were minimum hand symptoms, she was limiting handling and finger manipulation to frequent due to Plaintiff's pain complaints. (ECF No. 9-3 at 17.) Dr. Gursky placed no limitations on Plaintiff's ability to handle or finger. It is the province of the ALJ to resolve such evidentiary conflicts. *See Keyes-Zachary*, 695 F.3d at 1172. Here, the ALJ's determination is supported by Plaintiff's activities of daily living, which included fishing and working on a greenhouse and pop-up camper. The ALJ also considered Plaintiff's past relevant

5

work as an electrician, noting that Plaintiff reported that he stopped working as an electrician not because of any specific physical impairment but largely because of anxiety and increased stress. (ECF No. 9-2 at 27.) The ALJ's determination that Plaintiff could frequently handle or finger is supported by substantial evidence, and this Court cannot reweigh the evidence, *see Wall*, 561 F.3d at 1052.

To the extent Plaintiff disputes the ALJ's assessment of his credibility, "credibility determinations are peculiarly the province of the ALJ and will not be overturned if supported by substantial evidence." *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007). At the hearing before the ALJ, Plaintiff testified that sometimes he had weakness and numbness in his hands, dropped things, and had problems with buttons and zippers. The ALJ considered Plaintiff's testimony but ultimately concluded that his statements about his limitations were overstated based on the evidence already mentioned.

Therefore, the Court concludes the ALJ gave adequate reasons for Plaintiff's RFC, including the lack of a greater restriction on handling and fingering.[2]

### C. Assessment of Treating Source Opinions

Plaintiff argues the ALJ did not give adequate weight to two treating source opinions from Dr. Gursky and Mr. Griffin. The Court discerns no error.

---

[2] Plaintiff makes no other argument in his opening brief directly related to the ALJ's determination of his RFC. "If a claimant fails to present an issue to the district court, the issue is forfeited unless compelling reasons dictate that the forfeiture be excused." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Issues raised for the first time in Plaintiff's reply brief are likewise not properly before this Court. *See Berna v. Charter*, 101 F.3d 631, 632 (10th Cir. 1996) ("[W]aiver principles developed in other litigation contexts are equally applicable to social security cases." (quotation omitted)).

6

1. Dr. Gursky's Opinion

A treating physician's medical opinion "must be given controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record." *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011). However, Plaintiff identifies no specific limitations Dr. Gursky assessed that would help his case. "When the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC, the need for express analysis is weakened." *Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004). In the absence of any showing that Dr. Gursky's opinion was inconsistent with Plaintiff's RFC, any alleged error in the ALJ's assessment did not prejudice Plaintiff and is harmless. *See Keyes-Zachary*, 695 F.3d at 1163; *see also id.* at 1165 ("Any error in failing to specify the weight given to the opinion [assigning limitations that were not inconsistent with claimant's RFC] was harmless.").

2. Mr. Griffin's Opinion

Plaintiff contends the ALJ did not give sufficient weight to the opinion of Mr. Griffin. However, "[o]nly acceptable medical sources can provide evidence to establish the existence of a medically determinable impairment, only they can provide medical opinions, and only they can be considered treating sources." *Frantz v. Astrue*, 509 F.3d 1299, 1301 (10th Cir. 2007) (quotation and citations omitted). Other sources, including physicians' assistants, may provide evidence regarding only the severity of a claimant's impairments and how they affect the claimant's ability to work. *Id.* Mr. Griffin, whose credentials are stated as "LPC, LAC," filled out a check-box form indicating Plaintiff had extreme limitations in understanding, remembering, and applying information; interacting with others; and maintaining concentration,

7

persistence or pace. Such a form "is insufficient to constitute substantial evidence when it stands alone . . . unaccompanied by thorough written reports or testimony." *Hamlin v. Barnhart*, 365 F.3d 1208, 1223 (10th Cir. 2004); *see also Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987) ("[E]valuation forms, standing alone, unaccompanied by thorough written reports or persuasive testimony, are not substantial evidence."). In addition to finding Mr. Griffin was not an acceptable medical source whose opinion was entitled to controlling weight, the ALJ found the value of Mr. Griffin's opinion further diminished because it was not adequately supported by objective clinical findings or other evidence. The ALJ did not err in assessing Mr. Griffin's opinion.

## IV.  CONCLUSION

Accordingly, the Court AFFIRMS the Commissioner's decision.

DATED this 15th day of January, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge